**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nathan Carter,<br>Plaintiff,<br>v.<br>Meritage Homes of Arizona Incorporated, et al.,<br>Defendants. | No. CV-26-01144-PHX-DJH<br>**ORDER** |

Before the Court is a Motion to Remand filed by Plaintiff Nathan Carter ("Carter") (Doc. 11) with a Response from Defendant Meritage Homes of Arizona, Inc. ("Meritage") (Doc. 13). Carter also filed a Reply. (Doc. 17). For the reasons stated below, the Court will grant Carter's Motion.

## I. Background

This action arises on the tail end of arbitration proceedings between the parties. Carter purchased a home that was developed and sold by Meritage. (Doc. 1-3 at ¶¶ 1–3). After buying his new home, Carter says he discovered residential construction defects. (*Id.* at ¶ 10). Because the sales contract mandated arbitration, Carter and Mirage worked through their issues in the arbitral forum. The proceedings were governed by the American Arbitration Association's ("AAA") Construction Industry Arbitration Rules ("AAA Rules"). (*Id.* at ¶ 12). Following four days of testimony, Carter was awarded $161,571.02. (*Id.* at ¶ 13). The amount did not include the attorneys' fees, experts' fees, and costs. (*Id.*) The arbitrator stated that under the terms of the Parties' agreement, he

could not issue an award of attorneys' fees and costs. The exact term at issue was the last sentence of Section 13(A) of the arbitration agreement, which states: "[The parties have not delegated to the Arbitrator the power to determine the Arbitrator's own jurisdiction to decide the questions related to attorneys' fees, expert witness fees, and costs (including, but not limited to, any computation and assessment of the administrative fees and expenses of the American Arbitration Association and the Arbitrator's fees), and the Court must determine whether the Arbitrator or the Court will decide the Claimant's Motion for Award of Attorneys' Fees, Expert Fees, and Costs." (Doc. 1-3 at 26, Ex. 1, Section 13A, Home Purchase Agreement). In other words, the arbitrator decided that he could not issue an award of attorneys' fees or costs for Carter, and instead, based on the terms of the sales contract, the Parties had contracted for the Court to do so. (Doc. 1-3 at 51–52 at ¶¶ 4, Ex. 4, Partial Final Arbitration Award). Carter maintains that this conflicts with AAA Rule 9(a) which allows the arbitrator to decide what falls within his or her own jurisdiction. (*Id.* at ¶ 12). Unsatisfied with the arbitrator's interpretation, Carter brought a one count Complaint in Pinal County Superior Court of Arizona for a declaratory judgment under the Arizona Declaratory Judgment Act. (*Id.* at ¶¶ 16–21). In his Complaint, Carter says he "seeks a judicial determination of the arbitrability question raised by the Arbitrator in his Partial Final Award . . . ." (*Id.* at ¶ 17).

Meritage removed the case to federal court on February 17, 2026 (Doc. 1). In his Motion to Remand, Carter maintains that there is neither federal question jurisdiction nor diversity jurisdiction for the Court to keep the case here. (Doc. 13). Meritage concedes there is no diversity jurisdiction (Doc. 13 at 1) but says that this matter requires the Court to ascertain the scope of the arbitrator's duties under the FAA, a federal statute. It thus says this Court may properly exercise federal question jurisdiction over the matter.

The Court disagrees with Meritage and will remand this action for reasons stated below.

/ / /

/ / /

## II. Discussion

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required," which "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," such that the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Federal question jurisdiction is limited to two circumstances: (1) when the plaintiff's well-pleaded complaint invokes a federal cause of action or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). In this second category of cases, federal jurisdiction may exist if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id.* at 13. The following four factors need to be met to find that federal question jurisdiction exists over state law claims: (1) the federal issue is necessarily raised: (2) actually disputed; (3) substantial; and (4) capable of resolution in federal court without disturbing the federal-state balance approved by Congress. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The absence of even one factor is fatal to the claim that federal question jurisdiction exists. *Id.*

Additionally, the removal statutes are construed strictly and if there is any doubt as to the right of removal, district courts should reject the removal as improper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (finding that a Court should reject removal "[I]f there is any doubt as to the right of removal in the first instance.").

Carter argues the Court cannot exercise federal question jurisdiction because the Complaint makes no federal claims. (Doc. 11 at 7). Meritage counters that while ordinarily the Federal Arbitration Act ("FAA") does not provide a federal court with federal question jurisdiction, this matter is an exception. (Doc. 13 at 1). According to Meritage, this case is about the scope of an arbitrator's duties under the FAA, and thus

interpretation of a federal statute. (*Id.* at 2). Carter says this is a mischaracterization of his Complaint and notes that his Complaint does not mention the FAA and instead focuses on the contract between the Parties to arbitrate. (Doc. 17 at 2). Even the scope of the arbitrator's duties, Carter argues, arises from the language of the contract, not the language of the statute. (*Id.*)

The Court agrees with Carter that no federal issue is raised, and the Court is therefore without subject matter jurisdiction over this matter. Defendants cannot meet the first factor of the four-factor *Gunn* test to establish the Court's jurisdiction. A federal question is necessarily raised when a state-law claim implicates a federal issue. *Arizona ex rel. Brnovich v. Volkswagen AG*, 193 F. Supp. 3d 1025, 1028 (D. Ariz. 2016). But this requirement is absolute. In other words, it is not enough that a federal issue *might* be implicated, it *must* be implicated. *Arizona ex rel. Brnovich*, 193 F. Supp. at 1028. Simply because a federal claim might also apply does not provide enough for a federal issue to be necessarily raised. *Id.* In fact, when a "claim can be supported by alternative and independent theories—one of which is a state law theory and one of which a federal law theory—federal law does not attach because federal law is not a necessary element of the claim. *Nevada v. Bank of Am. Corp.,* 672 F.3d 661, 675 (9th Cir. 2012).

First and foremost, even a mere mention of the FAA in a pleading is not enough to necessarily raise a federal question. *Goldstein v. Hawaii Med. Serv. Ass'n*, 297 F. Supp. 2d 1259, 1263 (D. Haw. 2003) (noting the well-settled principle that the FAA does not confer federal question jurisdiction). Meritage acknowledges as much in its Response. (Doc. 13 at 1–2) ("Meritage recognizes that the Federal Arbitration Act does not normally trigger federal-question jurisdiction. . ." and "Carter's claim in the arbitration is nothing more than a state law claim."). But Meritage says that Carter, in seeking a declaratory judgment on who decides attorneys' fees, is essentially asking a court to determine the arbitrator's role under the FAA. (*Id.* at 2). In doing so, Meritage points to Section 11 of the FAA to provide support for the assertion that an arbitrator's role comes directly from the FAA itself. (*Id.*)

The Court disagrees. Section 11 is the provision of the FAA that allows a federal court to modify or correct an arbitration award. *See* 9 U.S.C § 11 (specifying modification grounds for an arbitration award). A court can use this power to fix minor errors, adjust miscalculations, or promote justice between parties without overturning the core decision. But nothing in this provision dictates an arbitrator's role under the FAA.

Meritage also argues that the arbitration agreement specifies that a court, not the arbitrator, must decide if the arbitrator can decide the issue of attorneys' fees. (Doc. 13 at 3). It says "Federal case law plainly establishes that an arbitrator can't exercise jurisdiction that the contract says it does not have." (*Id.*) While it might be true that the contract itself does not allow the arbitrator to determine the issue of attorneys' fees without court approval, the parties cannot contract their way to a federal court's jurisdiction. *Owen v. Stokes*, 2019 WL 8128160, at *3 (D. Nev. Aug. 20, 2019) ("It is well-established that parties may not confer federal jurisdiction on the district court by agreement or consent.") (internal citations omitted). And what the arbitrator can or cannot do is a matter of interpreting the arbitration agreement. These agreements are interpreted by general state law contract principles and state law traditions of interpretation because they function like any other contract. *Forrest v. MAV KG, LLC*, 2025 WL 2753725, at *5 (E.D. Cal. Sept. 29, 2025) (applying contract principles to an arbitration agreement). A contract dispute, even one that touches on federal law, does not necessarily raise a federal question. *E. W. Bank v. Herbl, Inc.*, 2025 WL 2977945, at *3 (C.D. Cal. Oct. 21, 2025). Having found that Meritage has not satisfied the first factor of the *Gunn* test, the Court will remand this case to the Pinal County Superior Court. *See Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1007 (9th Cir. 2021) ("Because Defendants fail to satisfy the first *Gunn* prong, we need not address the other three.").

Accordingly,

**IT IS ORDERED** that Carter's Motion to Remand (Doc. 11) is **granted.** The Clerk of Court is kindly directed to remand this matter back to the Pinal County Superior Court.

**IT IS FURTHER ORDERED** having no subject matter jurisdiction over this matter, Meritage's Motion to Dismiss (Doc. 6) is **denied as moot.**

Dated this 6th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge